ROBB & CHICHESTER v. POSTAL TELEGRAPH & CABLE Co.

[61 South. 170-977.]

1. HIGHWAYS. *Contracts. Order of board of supervisors. Sufficiency.*

An order of a board of supervisors evidences a legal contract with a public road contractor, where the order contains the statement that, before the time of the letting of the contract for working the public roads, advertisement for bids for doing the work was made in accordance with the statute, which statute shows where and how the advertisement is to be published and for what length of time as well as what the notice shall contain.

2. SAME.

It is not necessary in an order of the board of supervisors to set out the evidence of jurisdictional facts where such were found to exist.

OPINION ON SUGGESTION OF ERROR.

HIGHWAYS.  *Contracts.  Order.  Sufficiency.  Code* 1906, *section* 361.

Under Code 1906, section 361, providing that the board of supervisors before letting contracts for public work shall give three weeks' notice either by publishing in a newspaper, or in case none is published in the county, by posting written notices, an order of a board of supervisors letting such contract, which recites that the board had advertised for bids for the work and found that the lowest bid made according to the specifications and advertisement was that under which the contract was awarded was insufficient as failing to show how the advertisement was made and as failing to show sufficiently the jurisdictional facts necessary to authorize the board to act in the matter.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by Robb & Chichester against the Postal Telegraph & Cable Company.  From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wells & Wells,* for appellant.

The court bases its peremptory instruction on the ground alone that the contract was void because the board of supervisors did not give the required three weeks' notice of the letting of said contract.

Our answer to this is:

1. That the notice put in the evidence gave notice of the February meeting, when the contract was awarded at the March meeting; therefore, the notice given of the February meeting could not have any effect on the meeting held the first Monday in March.

2. The meeting in March was held according to law and the order made at that time was a distinct finding that

the proper notice had been given and there is nothing in the record to contradict it, and this recital is conclusive. We cite the following to sustain this proposition: *Yallabusha* v. *Carben*, 3 S. & M. 529; *Ross* v. *Lane*, 3 S. & M. 695; *Carroll* v. *Tishomingo County*, 6 Cush. 38.

3.   But if there was no such recitation and the record is silent as to notice, then the presumption of law is that the board did its duty and the contract is valid, *Briggins* v. *Chandler*, 60 Miss. 862; *Carburn* v. *Crittendon*, 62 Miss. 136; *Cason* v. *Cason*, 31 Miss. 578; *Hinton* v. *Perry County*, 84 Miss. 536.

4.   But if it be true that the contract was invalid, we contend that it cannot be collaterally attacked as is sought to be done here, and only the parties to it, the County of Hinds and Robb & Chichester, could take advantage of its invalidity in a litigation between them. *Cason* v. *Cason*, 31 Miss. 578; *Hinton* v. *Perry County*, 84 Miss. 536; *Cannon* v. *Cooper*, 10 Ga. 784; *Monk* v. *Horne*, 9 Ga. 100; *Southern Bithulithic Co.* v. *Hughston*, 58 So. 450; *Grisham* v. *Lutric*, 76 Miss. 444; *Chaffe* v. *Benoit*, 60 Miss. 34.

5.   We further contend that no failure to give twenty-one day's notice is shown by the record; the court sat according to law six days, and the advertisement gave notice that the matter would be let at that term, beginning the first Monday in February and it is not shown that the matter was not taken up and adjudicated more than twenty-one days from the first publication.

6.   The pleadings in no way give notice that the invalidity of the contract would be insisted upon as a defense to the action and it was error to admit any evidence on this point. *Southern Bitulithic Co.* v. *Hughston*, 58 So. 450; *Grisham* v. *Lutric*, 76 Miss. 444.

7.   Both parties treated the contract as valid and fulfilled each its obligations and it is not lawful to allow a third person to insist that the contract was void after its terms, without objection, had been complied with by the parties to it. *Grisham* v. *Lutric*, 76 Miss. 444.

· We respectfully submit that this case should be reversed and remanded.

*J. T. Brown* and *Flowers, Alexander & Whitfield,* for appellee.

Appellants attempted to show a valid contract with the county providing for the maintenance of the public roads in controversy, but failed to do so in that the minutes of the board of supervisors and proof of publication of notice introduced by them shows affirmatively that notice as required by statute for the letting of contracts was not given.

We have shown that, 1st, the wrong complained of was a public wrong; before a private citizen can maintain a suit for a public wrong it is necessary to show special damage to himself. Since no special damage to the person or property of appellant has been shown, his right to recovery must depend upon the existence of a contract whereby the duty of the county to repair the roads has been shifted to him. Has appellant shown such a contract? Was the existence of such a contract a condition precedent to plaintiff's recovery? These are the only questions presented by the record. We submit that appellant failed to show such a contract and that the existence of the same was, under the circumstances, a condition precedent to the right to recovery. There is but one way for a county to enter into a contract for public work and that is in the manner prescribed by section 361 of the Code of 1906. This section provides that "all contracts by boards of supervisors for any public work not otherwise specially provided for, where the amount of the contract shall exceed fifty dollars, shall be made upon at least three weeks' notice by advertisement in a public newspaper of the county, etc."

It takes but a moment's recollection to understand the wisdom of the legislative department in inserting into the statute this clause as to notice. Consider, if you

please, the evil and corruption that might, and doubtless
would, in some instances, grow out of a failure to require
public notice and free and fair competition.  Most of the
governmental scandal of modern times had its origin in
the power of some board or individual to privately let
large contracts for public improvement.  Regardless of
this, however, and also of the fact that the only authority
possessed by the board of supervisors in the making of
such contracts is derived directly from this statute, the
statute was not complied with in that the notice required
therein was not given.  Two notices were published con-
cerning the letting of the contract for this particular piece
of road.  The first publication was in the Jackson Clarion
Ledger and was for sixteen days, the second was in the
Raymond Gazette, which is a weekly newspaper and was
for a period of eighteen days. The first notice was in Jan-
uary, 1908, and referred to a meeting of the board to be
held in February, 1908.  At this meeting all bids received
were rejected.  The second publication was with refer-
ence to the meeting of March 4, 1909, and was made from
February 14th to 28th.  It was at the March meeting that
this pretended contract was let to Albert Harris, whose
rights were later assigned to Robb & Chichester.

It may be contended by appellants that this statute
does not require strict construction.  In other words, al-
though it calls for twenty-one days' notice, fourteen days
are sufficient to satisfy the requirement.  Fortunately for
us, that is not the first time this question has occupied the
limelight in an appeal. It has played the role many times,
and as often as it has been reviewed by this court, just so
often has it been declared that boards of supervisors, be-
ing creatures of statute, endowed only with special pow-
ers and created for special purposes, can exercise only
such powers as are expressly conferred by statute.  We
feel warranted in quoting WHITFIELD, C. J., in *Jefferson
County* v. *Grafton,* 74 Miss. 435:

"Parishes, like counties in other states, are involuntary
political or civil divisions of the state, designed to aid in

the administration of government, as state auxiliaries or functionaries, possessing no other powers than those delegated, ranking low down in the scale of corporate existence, and well distinguishable from municipal corporations proper; which are invested with more extensive powers and endowed with more important functions and a larger measure of corporate life. As a rule, they cannot acquire estate unless for public utility, and cannot dispose of the same, after it has been acquired and devoted to public service, without legislative authority. They may, however, be objects of public or private bounty, in the absence of disabling or restraining statutes. They do not acquire for themselves as a political organization. They acquire for the benefit of the public, the people, particularly the local community, which is represented primarily by the state and secondly by them, but so far only as the state has delegated to them the power to do so. As state auxiliaries, they cannot dispose of public property, unless with formal sanction of the state, and even then in those cases, only in which the state, violating no trust and no contracts, and infringing the rights of no one, could herself act. Creatures they are, wholly dependent upon and controlled by their creator. They have no life, no attribute, no power, no rights, no obligation, but such as have been conferred or imposed on them.''

It will be noted that the learned chief justice was quoting from the supreme court of Louisiana; however, his quotation is prefaced by the remark, ''We quote to adopt, etc.'' The following is applicable to our boards of supervisors.

We submit that since the board failed in a very material manner to comply with the statute from which they derived their power to make the contract with Robb and Chichester, the contract is void *ab initio.*

''The course of judicial decision in this state holds boards of supervisors to the strictest limitations of their powers.'' *Jefferson County* v. *Grafton,* 74 Miss. 435.

Since this is true it cannot be held that they can make a valid contract for public work without giving the notice provided for in the statute from which they derive their power to make the contract. The requirement as to notice is the most essential part of the act in question. It insures active compensation between all persons engaged in the particular class of work contemplated, and requires that the contract be awarded to the lowest bidder. No favors can be shown. The only way to secure a contract is to put in the lowest bid. The state of Mississippi primarily had the exclusive power to enter into contracts for public work and improvement. This power was delegated by statute to the various counties, through their respective boards of supervisors; these boards must look to the statute conferring the power, and comply strictly with it, or their acts will be null and void. They can't be merely voidable as contended by counsel for appellant.

"It matters not whether its action . . . be regarded as judicial, legislative or ministerial. Excess of authority in either capacity is simply void." Campbell, J., in *Howe* v. *State,* 53 Miss. 69.

There is a fundamental distinction between void and voidable contracts. A void contract has no legal effect at all. It is a mere nullity and confers no rights whatever. It is impossible of ratification or confirmation and may be attacked collaterally by persons not parties thereto. A voidable contract, on the other hand, is one in which one of the parties thereto is entitled, at his option, to treat as having never been binding on him. An example of a voidable contract would be one entered into with a minor. It cannot be said that a contract with a minor is void, because it is perfectly valid and binding until he sees fit to take advantage of the protection thrown around him by the law and repudiate it. On reaching majority he may ratify it whereupon it becomes as binding as any other contract. The contract of the board of supervisors could not be ratified because the only way

in the world to cure the defect would be by readvertising, and reletting the contract, which would require different bids and different figures. A new contract out and out would be required, not only because of the fact that no effect can be given a void transaction but on account of the method required by the statute in making the contract. The failure on the part of the board to comply with the statute in letting the contract did not render it voidable at the option of Robb and Chichester alone. A third party, one contemplating putting in a bid on the work and who was precluded as it were, by the premature awarding of contracts by the board, would have had a perfect right to step in and demand that the contract so awarded be set aside and his bid considered. If one person not a party to the contract can challenge its validity, everybody can do so, and thus we are brought face to face with the material difference between a void and a voidable contract.

Counsel for appellants seems to be laboring under the impression that the law presumes that the board of supervisors had jurisdiction. That the secretary of the board performed his duty by giving the proper notice. No such presumption arises. In fact it has been held over and over again that every fact necessary to confer jurisdiction must affirmatively appear from the record. *Hill* v. *Board of Supervisors of Clay County,* 58 Miss. 807; *Howe* v. *State,* 53 Miss. 57; *Bullard* v. *Davis,* 31 Miss. 523; *Jefferson County* v. *Grafton,* 74 Miss. 435; *Lowndes County Supervisors* v. *Hearn,* 59 Ala. 371; *Finch* v. *Board,* 29 Cal. 453; *Chesterfield County* v. *Hall,* 80 Va. 321; *Dennison* v. *St. Louis County,* 33 Mo. 168.

"County boards are bodies with special and limited jurisdictions and all facts necessary to give jurisdiction must affirmatively appear upon the record of their proceedings; otherwise the presumption is against their jurisdiction." 11 Cyc. 398.

The minutes of the board of supervisors and proof of publication of notice of the letting of contracts were in-

troduced by plaintiffs and instead of showing affirmatively that the statute had been complied with, on the contrary showed affirmatively that the statute had not been complied with.  The contract made with plaintiff was made contrary to law and is void.  We again assert that no principle in American jurisprudence is better settled than that tribunals of limited jurisdiction must look to the statute or grant conferring jurisdiction, and any excess of authority is void.  This principle was recognized by the legislature of Mississippi when the power to let contracts for public work was granted to the various counties.  After prescribing the method in which the contracts were to be awarded the statute concludes: ''And all contracts made in violation of any of the provisions of law shall be void.''  Section 369, Code 1906.

But counsel for appellants, while not denying the invalidity of the contract between Robb and Chichester and the county, contends that the finding of the board duly set forth on its minutes to the effect that the statute had been complied with settled the question.  That this finding is conclusively ''against collateral attack, especially where no testimony is introduced on the collateral attack to show that the recital is false.''  Why would the defendant introduce testimony to show what the plaintiff by his own testimony had shown?  This was their own testimony and it proved beyond doubt that the recital in the minutes of the board to the effect that due notice had been given, was false.  The testimony introduced by plaintiff was all the testimony anyone could introduce on that point.  It was of sufficient probative value to convince the learned judge that plaintiff had failed to make out his case and a peremptory instruction for the defendant was given.  It appears that counsel for appellant admits that the board exceeded its authority, but contends that this defect was cured by the entering of the order to the effect that due notice, etc., had been given.  The question now to be determined is whether this order or finding by the board

can be questioned, and this in the face of evidence to the effect that the said finding was false.

The record in this case shows affirmatively the nonexistence of a fact necessary to the jurisdiction of the board of supervisors in entering the order of March 4, 1908, R-130, which order stated that notice had been given as required by statute, therefore the judgment is void and can be collaterally attacked.

Argued orally by *W. C. Wells* and *W. C. Wells, Jr.*, for appellants and *J. T. Brown* and *Chalmers Alexanders*, for appellee.

REED, J., delivered the opinion of the court.

Appellants, road contractors in Hinds county, brought suit against appellee for damages resulting from the agents and employees of appellee cutting down brush and trees about the poles and under the wires of appellee's telegraph line, which extends along a public road, and throwing the brush, trees, and cross-arms from off their poles into the road, causing a filling of the ditches and a flow of water across the road after a heavy rain, so as to seriously impair it, and render it necessary for appellants to rework it.

Upon the trial of the case appellants offered their duly executed contract with the county of Hinds to prove that they were road contractors, as alleged in their declaration. Upon the objection of counsel for appellee, the trial court stated that this was not a complete proof, and ruled that appellants should show what authority the boards of supervisors had to enter into the contract with appellants. Appellants thereupon introduced the minutes of the board showing the original order letting the contracts for road work. The following is the portion of the order necessary for our consideration: "In the matter of letting the public road of Hinds county, to be worked by contract. The board having heretofore, in accordance with the statute,

advertised for bids for the working of the public roads of the county by contract and sundry bids having been received and opened and considered by the board, and the matter coming on for final disposition at the present term, and the board having considered all of said bids and finding that the lowest bids made in accordance with the specifications on file and the advertisement for the same as follows. . . . Appellants, also introduced a bond given by them for the faithful performance of their contract and the original notice to contractors; but they did not introduce proof to show that the notice to contractors was published in a newspaper for the time specified by the statute. Appellants rest upon the adjudication that this was done by the board, as shown in its order. Appellee's counsel thereupon moved the court for a peremptory instruction upon the ground that no legal publication had ever been made as required by law, so that appellants had no legal contract with the county for working the roads. The court sustained the motion and gave the peremptory instruction, and from the judgment of the court based upon this instruction appellants appeal.

Appellants contend that the recital in the order of the board to the effect that advertisement for bids had been made in accordance wih the statute was a distinct finding by the board that the proper notice had been given, and that such recital is conclusive. The appellee contends that the order of the board should have set out the facts showing that the publication had been made in accordance with the statute.

We believe that the appellants have shown by sufficient testimony that they had a legal contract with the county of Hinds to work the roads in question. It appears to us that the order of the board sufficiently sets out the necessary, jurisdictional facts. As will be seen, the order contains the statement that, before the time of the letting of the contracts for working the public roads, advertise-

ment for bids for doing the work was made in accordance with the statute. The statute shows where and how the advertisement is to be published and for what length of time as well as what the notice shall contain. According to the recitals in the order, all of this was done by the board before the contracts were awarded. In the case of *Hinton* v. *Perry County*, 84 Miss. 536, 36 South. 565, the court decided that it was not necessary in an order to set out the evidence of jurisdictional facts where such were found to exist.

The trial court erred in giving the peremptory instruction.

*Reversed and remanded.*

#### OPINION ON SUGGESTION OF ERROR.

Reed, J. By reference to this case as reported in 61 South. 170, it will be seen that on the first hearing we decide that the order of the board of supervisors in question was sufficient. In the opinion then delivered we said: "It appears to us that the order of the board sufficiently set out the necessary jurisdictional facts. As will be seen, the order contains the statement that, before the time of the letting of the contracts for working the public roads, advertisement for bids for doing the work was made in accordance with the statute. The statute shows where and how the advertisement is to be published and for what length of time, as well as what the notice shall contain. According to the recitals in the order, all of this was done by the board before the contracts were awarded." We therein cited the case of *Hinton* v. *Perry County*, 84 Miss. 536, 36 South. 565.

After again carefully considering the case, and in the light of the able arguments presented in the briefs of counsel for both appellant and appellee, we have concluded that we were in error. It will be noted that section 361 of the Code of 1906 provides two ways of publication, by advertisement in a newspaper for three weeks,

or, if no newspaper is published in the county, by posting written or printed notices at the courthouse door and in each supervisor's district of the county.   The record of the board touching this matter fails to show how the advertisement for bids was made; and, in addition to this, we are not now of the opinion that the order set out sufficiently the jurisdictional facts necessary to authorize the board to act in the matter.   The case of *Hinton* v. *Perry County, supra,* determined that it was unnecessary to set forth the evidence of the jurisdictional facts in the order. It is also therein held that the minutes must show that the jurisdictional facts were found to exist.  We do not believe that this has been shown in the order in the present case.

The writer, with some reluctance, joins in holding that the order in this case is insufficient.   He understands that section 170 of the Constitution of 1890 of Mississippi gives to boards of supervisors full jurisdiction over roads, ferries, and bridges, and he cannot see that the decisions of our court, to the effect that the jurisdiction of the board in such matters is limited, are based upon sound reason.   However, he bows in deference to the wisdom of the eminent jurists who have by their opinions settled this question.

The suggestion of error is sustained, and the case is affirmed.

*Suggestion of error sustained.*
*Affirmed.*