### TAMBURO v. STANDARD OIL CO.

(Division B. Jan. 2, 1933.)

[145 So. 107. No. 30322.]

Percy, Strauss & Kellner, of Greenville, for appellant.

Wasson & Wasson, of Greenville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant instituted an action of ejectment against appellee for the possession of a portion of a lot of land, ownership of which is claimed by appellant under a tax deed executed by the tax collector of Washington county, on the 1st day of April, 1929. There was a peremptory instruction for appellee, on the ground, as we are informed by the briefs, that the tax deed contained no adequate description. The tax deed is in due form in all other respects and no other question is presented.

The description is as follows: "1 Lot in Sec. 8, T. 14, R. 8, desc. in Bk. 199 Page 53 Town of Glen Allen," assessed to Jake Stern. Appellant contends that the terms used in the tax deed mean one lot in section 8, township 14, range 8, described in book 199, page 53, of the records of deeds to lands in said county of Washington; and appellant introduced in evidence the book and page aforesaid which is the record of a deed from Annie W. Spencer to Jake Stern, dated June 17, 1924, and which describes the land sued for in this case. The description in the deed is lengthy, and conveys a lot with several angles and variations in direction of its boundaries. The description is too lengthy to insert in full or at large upon an assessment roll. The assessor

did, then, what is often, if not generally, done in cases of irregular lots and complicated descriptions, namely, the assessor put it on the assessment rolls by a reference to the deed which conveyed it to the owner so assessed. We do not think there is any more difficulty or doubt about what is meant by the use of the abbreviations ''desc. in Bk 199 Page 53'' than there is in the abbreviations Sec. 8, T. 14, R. 8, which means the section, township, and range of the government survey. The abbreviations in the deed mean a lot in said section, townsship, and range and which lot is particularly described in book 199 at page 53 of the records of deeds of Washington county, the county wherein the land sold was situated at the time of the tax sale, as the tax deed in its opening sentence expressly recites. Certainty beyond all doubt is not required of descriptions in tax deeds, especially in view of section 3151, Code 1930. A description reasonably certain, or which by the aid of the statute may be made reasonably certain is all that is required, so far as the description is concerned.

Reversed and remanded.