CITY OF JACKSON *v.* NUNN.

(Division A. May 3, 1937.)

[174 So. 578. No. 32726.]

W. E. Morse and Lamar F. Easterling, both of Jackson, for appellant.

Howie, Howie & McGowan, of Jackson, for appellee.

Argued orally by **W. E. Morse**, for appellant, and by **M. M. McGowan**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

This is an appeal by the City of Jackson from a decree of the chancery court of the First district of Hinds county confirming the tax title of appellee to a certain lot in said city.

The city of Jackson, as well as the record owner and all persons interested therein, were made parties to the bill. The city of Jackson appeared and filed its answer asserting title to the lot in controversy by virtue of a tax sale to itself on April 4, 1932, for the taxes due it for the year 1930, said answer containing the following statement: "Defendant admits that by said sale, it is attempting to assert its right, title and interest in and to said lot, and admits that it is due taxes on said property, and denies that it is attempting to assert a lien therefor, but avers that it is the legal owner of said property."

Without copying into this decision the orders of the board of supervisors and the evidence in the case, we are of the opinion that the case should be affirmed.

The title of appellee rested upon a deed from the state land commissioner duly approved as required by law, and the sheriff's list of lands sold on April 5, 1932, for delinquent taxes for 1931, as required by the several statutes and decisions of this court. We think all the jurisdictional facts sufficiently appear on the minutes of the board of supervisors relative to the assessment of this land for taxes. Henderson Molpus Co. v. Gam-

mill, 149 Miss. 576, 115 So. 716; State ex rel. Knox v. Wyoming Mfg. Co., 138 Miss. 249, 103 So. 11, and Robb & Chicester v. Telegraph Co., 104 Miss. 165, 61 So. 170 and 977, and especially the suggestion of error.

The only question in this case we deem necessary to notice is appellant's contention that the clerk did not give it notice in compliance with sections 3257 to 3262, both inclusive, Code 1930, and especially section 3257, by which the clerk is required to give notice to owners within ninety days and not less than sixty days prior to the expiration of the time of redemption. The applicable portion of said section 3259 is as follows: "It shall be the duty of said clerk of the chancery court to examine the record of deeds, mortgages and deeds of trust in his office for a period of six years prior to the date of sale to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors liens of all lands sold for taxes, and shall, within the time fixed by law for notifying owners, send by registered mail to all such lienors so shown of record the following notice," etc. Then follows the notice. The title in controversy did not vest absolutely prior to April 4, 1936. The notice required to be sent by the clerk must be mailed, at least, sixty days before the expiration of the time for redemption.

The appellant contends that the list for the sales of land was lodged in the chancery clerk, as required by the statute, and that it was permitted to redeem lands sold for state and county taxes by virtue of sections 3257, 3258, 3259 and 2588.

If, for the purpose of the argument, we concede that a municipality, a subdivision of the state, may contest with the state a title acquired by it, still we are of the opinion that the appellant, city of Jackson, was not entitled to the notice required by section 3257, nor to the notice from the chancery clerk required by section 3259, Code 1930.

We think the Legislature never intended that the no-

tice required by these sections should be mailed to municipalities. At all events, the statute, section 3259, limits the source of investigation, on the part of the chancery clerk, to the "record of deeds, mortgages and deeds of trust in his office for a period of six years prior to the date of sale." The chancery clerk is not required to seek elsewhere for the names of persons holding liens on such lands sold for taxes.

We do not feel that we would be warranted in extending the statute.

Affirmed.