BELHAVEN HEIGHTS Co. *et al. v.* MAY *et al.*

(Division B. Nov. 13, 1939.)

[192 So. 6. No. 33826.]

**L. F. Easterling** and **J. E. Skinner,** both of Jackson, for appellants.

104

**W. B. Fontaine** and **May & Byrd,** all of Jackson, for appellees.

**McGehee, J.,** delivered the opinion of the court.

The final decree appealed from dismissed the bill of complaint filed by the appellants, which sought to cancel as a cloud upon their title a certain tax sale of April 5, 1932, to the State and a forfeited tax patent subsequently issued thereon by the State Land Commissioner to the appellee Dr. Ruel May, for Lots 14 and 16 of Block 6 in Part 2 of Belhaven Heights, a subdivision of the City of Jackson, and under which said tax sale and patent appellees claim title to the same numbered lots in Block 6 in said Part 2, according to a corrected survey thereof, it being alleged that the tax sale was made on an assessment for the years 1930-31, according to the plat of the original survey and on which these corresponding numbered lots and block were situated a distance of 100 feet south and some few feet west of where they were located on the correct survey.

It appears that after the filing and recordation of the original plat during the year 1904, the lots described thereon were sold to various parties who attempted to go into possession thereof, according to their deeds of conveyance from the Belhaven Heights Company, and that they built houses and otherwise improved the lots

which they claimed respectively. That, through error, however, the purchasers did not enter upon the particular ground called for in their deeds, according to the plat then of record, but that they entered instead upon land approximately 100 feet distant therefrom. That, shortly prior to the year 1928, the error was discovered, and inasmuch as none of the respective purchasers were in possession of the land actually called for in their deeds, and there were several hundred lots involved, each owner desired to clear his title to the lot of which he was in possession. That, consequently, a suit to correct the plat was filed by the City of Jackson and others styled Cause No. 16,149 on docket of the Chancery Court of Hinds County, and to which all persons in interest were made parties, including A. M. Owen, the then owner of the two lots in controversy. A final decree was rendered in said Cause No. 16,149, whereby the old plat of the survey was vacated and cancelled, and a corrected plat thereof was substituted in its place. That decree, which was not appealed from, recited that the substituted plat or map of the survey "is a correct map of Part 2 of Belhaven Heights, as said Part 2 . . . was originally surveyed, subdivided, staked off and sold by the Belhaven Heights Company, and later in parcels resold or held by subsequent vendees, purchasers, heirs or others, and that the lots, blocks, streets and alleys as they are depicted, located, numbered or named on and by said corrected map are the identical lots, block, streets and alleys which were actually and truly intended to be described where those same numbers and names appear in instruments or proceedings heretofore made or had concerning property in this subdivision."

In compliance with that decree, the Chancery Clerk made notation on the original plat or map, as follows: "See Cause No. 16,149 on Chancery Court Docket vacating this plat and substituting Plat No. 34 in Plat Book 4."

The lots in question were separately assessed as Lots

14 and 16 in Block 6 of Part 2 of Belhaven Heights subdivision in the City of Jackson, on the assessment roll for the years 1930-31 as the property of the said A. M. Owen. He paid the taxes thereon under such assessment for the year 1930, but failed to pay for the year 1931, and the lots were separately sold and struck off to the State, pursuant to that assessment.

The assessment roll did not specify whether the lots assessed were being described according to the original or the corrected survey, and it is contended by the appellants that the assessment and sale were void on the ground that the assessment roll itself did not sufficiently describe the lots so as to identify the property as being Lots 14 and 16 of Block 6 of Part 2 of the Belhaven Heights Subdivision, according to the corrected survey thereof; that these numbered lots on the corrected survey are located 100 feet north and several feet east of these same numbered lots on the original survey, and that said Lots 14 and 16, according to the original survey, correspond with Belmont Street and a part of Lot 2 in Block 17 on the corrected survey.

No proof was offered by the appellants to show that the assessor intended to assess these lots by their numbers according to the original survey, but it is contended that such intention was disclosed by the mere fact that the roll did not affirmatively show that they were being assessed according to the corrected survey. In our opinion, a sufficient answer to this contention is that when the assessment was made for the years 1930-31, there was in fact only one survey of the Belhaven Heights subdivision, as disclosed by the final decree in Cause No. 16,149, the notation of the clerk on the original plat of the survey and the corrected survey referred to in such notation. Upon an examination of the original plat of the subdivision for the purpose of making the assessment, the tax assessor was given notice by the notation contained thereon that this plat had been vacated and cancelled as aforesaid, and he was thereby referred to the decree of

the court in that behalf and also to the corrected plat and the place where it was recorded. It was therefore his duty to assess the lots according to the corrected plat, and the presumption is that he intended to perform his official duty in the proper manner. The description on the assessment roll could not be equally as well applied to the original plat of the survey as to the corrected one. The roll furnished the lead which, when followed, would take one either to the corrected plat in the first instance or to the original one which, upon inspection, would specifically direct him to the corrected one. Under Section 3151 of the Code of 1930, parol testimony was admissible to apply the description on the assessment roll, and there was enough in the description on the roll to be applied to the lots in question by the aid of such testimony. We are therefore of the opinion that the assessment of these lots on the assessment roll as being in Block 6 of Part 2 of the Belhaven Heights subdivision to the City of Jackson was sufficient, with the aid of the notation on the original plat, the decree in Cause No. 16,149, and the corrected plat referred to in such notation, to identify the lots in controversy as being those covered by such assessment.

It is urged that the tax sale was void also on the ground that the two lots were contiguous and belonged to the same owner, and that the sale should therefore have been made by first offering one lot and then the two as an entirety in the manner required by Section 3249 of the Code of 1930. We think that this contention cannot be sustained, since a different scheme is provided for the sale of city lots then that provided for in regard to the sale of acreage lands. The rule announced in the case of House v. Gumble et al., 78 Miss. 259, 29 So. 71, applies only when there is a joint assessment of two or more city lots. We have no statute requiring city lots to be jointly assessed nor requiring them to be sold in the manner provided for under Section 3249, supra, when they are separately assessed.

.It is next urged that both the assessment and sale were void because of an alleged failure of the minutes of the board of supervisors to show all of the necessary jurisdictional facts relating to the assessment. We have carefully examined the entire proceedings of the board of supervisors, as introduced in evidence by the appellants, and in our opinion all the necessary jurisdictional facts to make the assessment legal and valid do affirmatively appear therein. The point in particular is made that the minutes of the board do not affirmatively show that the notice to the taxpayers was on file. This contention is expressly answered in the case of Pettibone v. Wells et al., 181 Miss. 425, 179 So. 336. Moreover, this same assessment roll was under review in the case of Jackson v. Nunn, 178 Miss. 665, 174 So. 578, and the Court held that all of the necessary jurisdictional facts to make the assessment valid did sufficiently appear on the minutes of the board of supervisors.

Finally, appellants contend that the assessment roll was invalid for the reason that the meeting of the board of supervisors, during which the board approved the assessments, was convened on the first Monday of August, at Raymond, in the Second District of Hinds County, and was later during the week adjourned to Jackson in the First District of said county; and that under the law the board was not authorized to adjourn from one district to the other.

Section 3162 of the Code of 1930 requires the Board of Supervisors at the July meeting to proceed to equalize the rolls and complete such equalization, at least, ten days before the August meeting, "and shall immediately by newspaper publication notify the public that such rolls so equalized are ready for inspection and examination. In counties having two judicial districts the boards shall by order designate on what days during August it will begin in each of the two districts upon its hearing of objections, and these days shall be named in the said notice, and the board shall be authorized to hold its sessions in

the two districts respectively as designated in the order aforesaid. The foregoing provision with reference to counties with two judicial districts which apply to any subsequent meetings whereof notice to taxpayers is necessary to be given.''

The order of the Board of Supervisors approving the roll of 1930 passed at Jackson on the 8th day of August, 1930, recites: ''It affirmatively appearing to the Board of Supervisors of Hinds County, Mississippi, that the public has immediately, by newspaper publication, as provided by law, been notified that the personal and land assessment roll of 1930 of Hinds County, Mississippi, so equalized, were ready and open for inspection and examination, and that the public has been notified that the Board of Supervisors of Hinds County, Mississippi, would hold a continued meeting to hear objections to the assessment and to examine the same, sitting at the Board of Supervisors' room at the County Court House at Raymond, Mississippi, in August, 1930, on the following days, Monday, August 4, Tuesday, August 5th, 1930, and sitting in the Board of Supervisors room at the County Court House in Jackson, Mississippi, in August, 1930, on the following days, Wednesday, August 6th, Thursday, August 7th, Friday, August 8th, 1930, and the Board of Supervisors affirmatively finding that such notice was given by newspaper publication strictly, legally and given as required by law, etc.''

Therefore, in view of the foregoing recitals, we think that it affirmatively appears from the minutes that the taxpayers were given proper notice of the meeting held at Jackson, in the judicial district where the property here in controversy was located, and that the statute, Section 3162, supra, with reference to the holding of the meetings for approving the assessment roll in a county having two separate court districts was complied with so as to render such meetings legal. Also, we are unable to agree that the purpose for which the meeting was to be held at

Jackson was not sufficiently recited on the minutes, and in the notice published to the taxpayers.

The decree of the court below here appealed from must therefore be affirmed.

Affirmed.