WILLIAMSON *v.* DeBruce.

Mar. 3, 1952.

No. 38290 (57 So. (2d) 167)

Parker & Williamson, for appellant.

Bozeman & Bozeman, for appellee.

**Lee, J.**

Mrs. Mae Williamson instituted in the county court against Louvenia DeBruce an action of unlawful entry and detainer for the possession of a parcel of land as therein described. The county court rendered judgment for her. On appeal, the circuit court reversed the judgment of the county court, and rendered a judgment for Louvenia DeBruce. Mrs. Williamson appeals.

The parcel of land consists of Lots 1 and 2 of J. M. McBeath's Subdivision of Block 21 of Dearman's Survey, recorded in Map Book 1, p. 26, in the City of Meridian. It was assessed to Alice Fant for the taxes of 1946. The taxes were not paid. On September 15, 1947, the tax collector sold it to L. G. Everitt. There was no redemption. On September 19, 1949, the chancery clerk executed and delivered a deed to Everitt, who, in turn, executed and delivered a deed to Mrs. Williamson three days later. However, in the deed from the chancery clerk to Everitt, the land was described as ''Lots one and two of Block 21 of and according to Dearman's survey of the City of Meridian, * * *.'' A part of the description, ''of J. M. McBeath's Subdivision'' was omitted. The same omission appeared in the deed from Everitt to Mrs. Williamson.

The proof showed that Block 21 of the original Dearman survey was divided into four lots of equal size. Lots 1 and 2 thereof embrace the whole north half of the block.

When J. M. McBeath acquired this property, he replatted it and divided it into 32 lots. Lots 1 and 2 of his sub-division comprised 69 feet north and south by 125 feet east and west, and was situated in the northeast corner of the block, and in Lot 1 of the original Dearman survey.

■ ■ Obviously the description on the assessment roll was good. It was sufficient within itself. In addition, it pointed out where the survey was recorded. Both modes for defining identity and fixing locality were employed: a complete description, and reference to the map, which, when consulted, indicated the property. Bowers v. Andrews, 52 Miss. 596; Martin v. Smith, 140 Miss. 168, 105 So. 494; Tamburo v. Standard Oil Co., 164 Miss. 386, 145 So. 107; Belhaven Heights Co. v. May, 187 Miss. 101, 192 So. 6.

■ ■ The parcel of land, correctly described on the assessment roll, was lawfully sold according to that assessment. The description in the clerk's deed embraced the parcel of land, and also other land. It merely conveyed too much. It showed that the property had not been re-deemed, and, if not void, was good to confer the right to possession of that part rightfully conveyed. Section 9958, Code of 1942; Seward v. Dogan, 198 Miss. 419, 21 So. (2d) 292.

The question for decision, therefore, is whether or not the clerk's deed was void because it embraced more land than could rightfully be conveyed.

In 26 C. J. S., Deeds, Sec. 104(b), page 382, the rule is announced as follows: "A deed purporting to convey a greater title, or more land, than the grantor possesses or owns conveys such title and land as he actually possesses or owns. * * * So a deed for more land than the grantor owns operates to convey so much as he can law-fully convey. On the other hand, the grantee acquires nothing more than the grantor owns and can convey, particularly where the title of grantor appears in deeds of record."

Everitt had bought this particular parcel of land. Unless it was redeemed, he was entitled to a deed. The error of the clerk, in including more property than he was authorized to convey, did not defeat the validity of the conveyance as to that part rightfully conveyed. The clerk not only had the right, but he was also under the duty to convey the parcel of land which had actually been sold. Under such circumstances, appellee has no right to complain that the clerk conveyed other land in which she was not interested.

The foregoing announcement is not in conflict with Gibbs v. Hall, Miss., 38 So. 369, where it was held that a tax collector does not have the power to remedy a defective description on the assessment roll by voluntarily inserting a different description in the deed which he executes to a purchaser. The description, in the case here, was not defective at all, either as assessed or as sold.

Neither is the principle here involved out of harmony with McQueen v. Bush, 76 Miss. 283, 24 So. 194, where equity refused to correct or remedy a tax title based on an assessment utterly void for uncertainty. In the case here, the question of reformation is not involved.

It follows therefore that the judgment of the circuit court should be, and is, reversed, and that the judgment of the county court awarding possession to appellant should be, and is, reinstated.

Reversed, and judgment here reinstating and affirming the judgment of the County Court.

**Roberds, Alexander, Arrington,** and **Ethridge, JJ.,** concur.