LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On July 12, 2002, Harold Gordon filed a petition for determination of heir-ship and partition of real property in the Oktibbeha County Chancery Court. Gordon claimed certain interest in approximately eighty acres of real property owned by various members of the Bibbs family. On April 21, 2006, the chancellor entered a decree determining that Gordon owned an undivided one-eighth interest in the property. The chancellor also ordered a sale of the merchantable timber and a partition of the property once the timber was sold. A special commissioner was appointed to handle the timber sale. Eventually the timber was sold and funds were disbursed including $5,562.43 to Maggie McGee, one of the Bibbs heirs, for reimbursement of taxes.
¶2. Gordon now appeals to this Court asserting that the chancellor erred in determining that he only owned a one-eighth interest in the property and in authorizing the reimbursement of taxes to Maggie McGee in the amount of $5,562.43.
FACTS
¶ 3. Ed Bibbs obtained ownership of the real property in question in 1933. Ed and his wife Minnie had eight children, Patrick, Scott, Eddie, Katie, Annie, Maggie, Rosie and Ezell. Upon Ed’s death, which was sometime prior to March 25, 1950, this real property passed to his nine heirs in equal shares. Minnie and her eight children each owned a one-ninth interest in the real property. On March 25, 1950, seven of Ed’s nine heirs conveyed, via quitclaim deed, their interest in the property to Minnie. Ezell, spelled “Ezelle” in the deed, was not included and retained his one-ninth interest while Minnie then had eight-ninths interest. On July 11, 1974, Minnie conveyed the property, via quitclaim deed, back to all of her eight children, including Ezell, as tenants in common with equal parts.
¶ 4. Ezell later died and his heir at law, Ezell Bibbs, Jr., retained his interest in the property. On March 9, 1998, Ezell, Jr., sometimes referred to as “Ezil” in Gordon’s brief, conveyed his interest in the property, via warranty deed, to Gordon.
¶ 5. We note that there are numerous heirs involved in this case; however, since the issues in this case do not directly relate to any of the heirs specifically other than Minnie and Ezell, Jr., we do not find it necessary to include their names.
DISCUSSION
I. DID THE CHANCELLOR ERR IN DETERMINING GORDON’S INTEREST?
¶ 6. We first note that the appellees did not file a brief in this matter; thus, we have two options before us. The first is to take their failure to file a brief as a confession of error and reverse, which should be done when the record is complicated or of large volume and “the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error.” May v. May, 297 So.2d 912, 913 (Miss.1974). The second is to disregard the appellee’s error and affirm, which should be used when the record can be conveniently examined and such examination reveals a “sound and unmistakable basis or ground upon which the judgment may be safely affirmed.” Id. Although the record is not large, we find that Gordon does make out a case of error and we must reverse.
*908 ¶ 7. Gordon argues that the chancellor erred in determining that he only had a one-eighth interest in the real property. Gordon claims that he has a one-ninth interest and a one-eighth interest in the property because Ezell kept his one-ninth interest in 1950 and also received another one-eighth share from Minnie in 1974. The chancellor found otherwise as follows: “[I]t was Minnie’s clear intention [in 1974] for all of her children to have an equal interest in the property after her deed to them. Therefore, Gordon has a one-eighth undivided interest in the property.”
¶ 8. In construing instruments of conveyance, “it is necessary under well recognized rules of construction that they be considered as a whole, and the intent of the parties be gathered from the plain and unambiguous language contained therein.” Rogers v. Morgan, 250 Miss. 9, 21, 164 So.2d 480, 484 (1964). “Clear, unambiguous instruments must be construed as written.” Whittington v. Whittington, 608 So.2d 1274, 1278 (Miss.1992). A deed can only convey title in land that the grantor actually possesses or owns. Williamson v. De Bruce, 213 Miss. 530, 534, 57 So.2d 167, 168-69 (1952). The 1950 deed wherein seven of the Bibbs children conveyed their property to Minnie clearly states, “The above described property is that which we inherited from our father, Ed Bibbs ... and the above grantor and grantees constitute all the heirs of said Ed Bibbs with the exception of Ezelle Bibbs.” The 1974 deed from Minnie conveyed the property to her eight children “as tenants in common with equal parts.” The phrase “with equal parts” and testimony from Minnie’s great-granddaughter, Angela Buress Stewart, stating that each child was to receive ten acres apiece, convinced the chancellor that each child received one-eighth interest. However, we find that Ezell clearly did not convey his interest back to his mother, Minnie, and that this one-ninth interest clearly passed to his son, Ezell, Jr. Thus, Minnie had only eight-ninths interest in the land in 1974 when she conveyed her interest to all eight children. Ezell received a one-eighth share from Minnie in 1974, which interest also passed to Ezell, Jr.
¶ 9. We find that the chancellor erred in finding that Gordon only owned a one-eighth interest. Gordon is entitled to the other one-ninth originally conveyed to Ezell in 1950; thus, we reverse and render. The chancellor had granted a stay of the distribution of the one-ninth interest pending appeal and Gordon is now entitled to that amount.
II. DID THE CHANCELLOR ERR IN AUTHORIZING THE REIMBURSEMENT OF TAXES TO MAGGIE MCGEE IN THE AMOUNT OF $5,562.43?
¶ 10. In his other issue on appeal, Gordon argues that the chancellor erred in awarding Maggie McGee the sum of $5,562.43 as reimbursement for taxes. Gordon states that McGee mailed a motion for reimbursement of payment of ad valo-rem property taxes on June 19, 2006, but that this motion was never filed. Gordon argues that the chancellor should not have considered the motion since it was never filed with the chancery clerk. According to the general chancery docket pages, Gordon is correct, this motion was not entered into the docket. The record before us does not contain any information regarding this motion other than the chancellor’s order approving the reimbursement and a statement during the June 21, 2006 hearing wherein this motion was referenced. We cannot say whether this amount was reasonable as there is nothing in the record to support such amount. This motion was not properly before the chancellor, *909 and the appellees offer no evidence to support the chancellor’s findings; thus, we must also reverse and render on this issue.
¶ 11. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, GRIFFIS AND ROBERTS, JJ.